IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GUIDEONE MUTUAL COMPANY, GUIDEONE SPECIALTY MUTUAL COMPANY, and GUIDEONE ELITE INSURANCE COMPANY,  Plaintiffs,  v.  KATHLEEN HOPKINS and APRIL HOLTON,  Defendants. | ) ) ) ) ) ) ) ) ) CIVIL ACTION NO.: CV-2:05cv1070-F ) ) ) ) ) ) |

**COMPLAINT FOR DECLARATORY RELIEF, FOR PRELIMINARY
AND PERMANENT INJUNCTIVE RELIEF, AND FOR DAMAGES**

Plaintiffs, GuideOne Mutual Company, GuideOne Specialty Mutual Company, and GuideOne Elite Insurance Company (hereinafter, collectively, "GuideOne" or the "Company"), by their undersigned counsel, brings this action against Defendants Kathleen Hopkins and April Holton (collectively, "Defendants") for declaratory relief, for preliminary and permanent injunctive relief, and for damages, and as grounds states as follows:

### JURISDICTION

1. Plaintiff GuideOne Mutual Company is a corporation incorporated under the laws of the State of Iowa, having its principal place of business in Des Moines, Iowa.

2. Plaintiff GuideOne Specialty Mutual Company is a corporation incorporated under the laws of the State of Iowa, having its principal place of business in Des Moines, Iowa.

3. Plaintiff GuideOne Elite Insurance Company is a corporation incorporated under the laws of the State of Iowa, having its principal place of business in Des Moines, Iowa.

4. Upon information and belief, Defendant Kathleen Hopkins is a citizen of the State of Alabama and resides in Elmore County, Alabama. She is over the age of 19 years.

5. Upon information and belief, Defendant April Holton is a citizen of the State of Alabama and resides in Montgomery County, Alabama. She is over the age of 19 years.

6. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000, the sum specified by 28 U.S.C. §1332(b).

## VENUE

7. Venue in the United States District Court for the Middle District of Alabama is proper under 28 U.S.C. §1391(b).

## THE AGENT CONTRACT

8. On or about May 25, 1999, Defendant Hopkins entered into an insurance agent contract with GuideOne (hereinafter, the "Agent Contract"). A true and correct copy of the Agent Contract is attached hereto as Exhibit "A" and is specifically incorporated herein by reference.

9. The Agent Contract contains a nonsolicitation provision, prohibiting Defendant Hopkins from contacting, soliciting, or inducing GuideOne policyholders to purchase any of the insurance coverages of the types sold by GuideOne for a period of one year following her separation from the Company:

> 5. Agent will not, for a period of one year, following termination, either personally or through another person, agency or organization, (1) induce or advise any policyholder of the Company to lapse, surrender or cancel any coverages of the Company, or (2) solicit any such policyholders to purchase or accept any offer of such policyholder to purchase any insurance coverages of the types sold by the Company. This prohibition includes any contact that is initiated by Company customers. Agent

> must immediately refer any customer that contacts Agent to a Company representative.

Ex. A, Section V, ¶5.

10. The Agent Contract also contains a noncompete agreement, prohibiting Defendant Hopkins from selling property, casualty and life insurance within a 25-mile radius of the City of Montgomery for a period of one year following her separation from the Company:

> 7. The agent agrees not to engage in the business of selling property, casualty and life insurance within a 25 mile radius of the city limits in which the Agent's office(s) was located for a period of one year following the termination of the Contract.

*Id.* at Section V, ¶7.

11. Additionally, the Agent Contract provides that manuals, forms, records and other supplies furnished by GuideOne will remain the sole property of GuideOne, and that upon termination of the Agent Contract, Defendant Hopkins must immediately return to GuideOne all Company property:

> **Section II. Company Duties**
>
> 1. The company shall furnish manuals, forms, records, and other supplies as it may deem advisable. These materials will remain the sole property of the Company.
>
> . ….
>
> **Section V. Termination Provisions**
>
> 3. Upon termination of this contract, Agent shall cease to act in any manner as an agent or representative of the Company. Agent will immediately return to the Company all property belonging to the Company. Use of any company supplies including software after termination is unauthorized. Agent will remove all Company signs and refrain from any further advertising of Company and its products.

Ex. A, Section II, ¶1 and Section V, ¶3.

12. The Agent Contract further provides that GuideOne retains all rights, title and interest in the business of Defendant Hopkins' policyholder accounts and that all account information are trade secrets wholly owned by GuideOne:

> 6. Upon termination, the Company shall retain all right, title and interest in the business in Agent's account, including the right to renew. All information regarding names, addresses, and ages of policyholders of the Company, the description and location of insured property, and expiration or renewal dates of the Company's policies acquired by the Agent during the term of this contract or any prior contract between Agent and Company, shall remain trade secrets wholly owned by the Company. The Company shall transfer the policyholder accounts to any account the Company designates.

*Id.* at Section V, ¶6.

13. The Agent Contract provides that "the Company shall have access at all times to the Agent's files and records, including software records, which pertain to the business placed with the Company." *Id.* at Section VI, ¶8.

### Termination of Defendant Hopkins

14. On or about September 16, 2005, GuideOne Manager Jeanette Bonney notified Defendant Hopkins *via* letter that GuideOne was terminating her agent contract effective October 31, 2005. A true and correct copy of the termination letter is attached hereto as Exhibit "B" and is incorporated herein by reference.

15. In the termination letter, Ms. Bonney emphasized to Defendant Hopkins that GuideOne expected her to fulfill her continuing legal obligations under her Agent Contract, i.e., compliance with the noncompete and nonsolicitation provisions. *Id.* Ms. Bonney also directed Defendant Hopkins to return to GuideOne all Company property and policyholder information in her possession. *Id.*

## Breach of The Agent Contract

16. After GuideOne notified Defendant Hopkins of her termination, but before the effective date of her termination (October 31, 2005), GuideOne Sales Director Dennis Basden learned that:

   (a) Defendant Hopkins had entered into a business relationship with her daughter-in-law, Defendant April Holton, for the purpose of selling property, life and casualty insurance;

   (b) Defendant Hopkins had removed from GuideOne's local Montgomery office hundreds of policyholder files (representing business valued at well over half a million dollars), as well as other GuideOne property and moved it either to her home or to Defendant Holton's insurance sales office; and

   (c) Defendant Hopkins had used Defendant Holton to solicit one or more GuideOne policyholders previously serviced by Defendant Hopkins while acting as GuideOne's agent.

17. Despite Mr. Basden's instruction to Defendant Hopkins to return to him all GuideOne policyholder files, Defendant Hopkins refused, stating that she intended to return the policyholder files only after she had an opportunity to make copies of the files. Defendant Hopkins, however, had no legal authority whatsoever to copy GuideOne's policyholder files.

## CEASE & DESIST LETTER

18. On October 24, 2005, the undersigned counsel directed Defendant Hopkins *via* certified letter to cease all sales of life, property and casualty insurance in violation of her noncompete agreement. A true and correct copy of that letter is attached hereto as Exhibit "C". Counsel also directed Defendant Hopkins to return all Company property to GuideOne Sales Director Dennis Basden within five (5) business days, including all policyholder files, Company signs and brochures, underwriting and rating manuals or guidelines, policy procedural manuals, applications, policy forms, furniture and any software provided to her by the Company. *Id.*

Counsel further instructed Defendant Hopkins to certify in writing that she had destroyed all other papers and electronic copies and to identify all GuideOne customers she (and Defendant Holton) had solicited since she left the Company. *Id.*

19. That same day, the undersigned counsel advised Defendant April Holton *via* certified letter that Defendant Hopkins was bound by the terms of her GuideOne agent contract, which prohibited Hopkins from selling property, casualty and life insurance within a 25 mile radius of the city limits of Montgomery, Alabama for a period of one year or from assisting other persons or organizations in doing the same. A true and correct copy of the letter is attached hereto as Exhibit "D". Counsel enclosed a copy of the Agent Contract with the letter and urged Defendant Holton to review the Agent Contract with her attorney. *Id.*

20. The demand letters were successfully served on Defendants Hopkins and Holton *via* certified mail, return receipt requested, as well as by regular mail and by hand delivery. Upon hand delivery to the offices of the Holton Insurance Agency, Defendant Kathleen Hopkins signed for both letters.

21. As of this date, the undersigned counsel has received no response from either Defendant.

### THE ATTEMPT TO RETRIEVE GUIDEONE POLICYHOLDER FILES AND OTHER PROPERTY

22. On October 31, 2005, GuideOne Sales Director Dennis Basden contacted Defendant Hopkins by telephone in an unsuccessful attempt to schedule a time to retrieve the GuideOne policyholder files and other Company property in Hopkins' possession. The call ended after Defendant Hopkins abruptly hung up the telephone on Mr. Basden.

23. On November 1, 2005, Basden, accompanied by GuideOne Claims Supervisor Mike Ellison, traveled from Jackson, Mississippi to the offices of the Holton Insurance Agency

in Montgomery, Alabama office for the purpose of retrieving GuideOne policyholder files and other Company materials. Although Defendant Hopkins was not present at the office, Defendant Holton was present and informed Messrs. Basden and Ellison that none of the GuideOne files were at the office; that Defendant Hopkins had removed the files to her home for the purpose of copying them. A copy of Basden's affidavit is attached by reference as Exhibit "E" and is incorporated herein by reference.

24. The GuideOne policyholder files wrongfully withheld by Defendant Hopkins and/or Defendant Holton include personal policyholder information such as health and medical history, vehicle identification, driver's license numbers, social security numbers and other confidential information used by GuideOne to place insurance for its policyholders. Each policyholder file also includes information regarding customer insurance rates, discounts, and other confidential and proprietary information owned by GuideOne.

### REQUEST FOR DECLARATORY JUDGMENT

25. GuideOne incorporates herein by reference its allegations set forth in Paragraphs 1-24 above as fully set out herein.

26. GuideOne respectfully requests a declaration from this Honorable Court that the Agent Contract between GuideOne and Defendant Hopkins is terminated; that Defendant Hopkins has breached and otherwise failed to comply with the terms of the Agent Contract; that Defendants Hopkins is required to comply with her post-termination obligations as set forth in the Agent Contract.

**COUNT ONE**
**REQUEST FOR PRELIMINARY**
**AND PERMANENT INJUNCTION**

27.  GuideOne incorporates herein by reference its allegations set forth in Paragraphs 1-26 above as fully set out herein.

28.  Wherefore, GuideOne respectfully requests that the Court enter a preliminary injunction and thereafter a permanent injunction against Defendant Kathleen Hopkins:

(1) enjoining and restraining Defendant Hopkins, her agents, employees, successors, attorneys and all those in active concert or participation with her, from engaging in the business of selling property, casualty and life insurance within a 25 mile radius of the city limits of Montgomery, Alabama for a period of one year;

(2) enjoining and restraining Defendant Hopkins, her agents, employees, successors, attorneys and all those in active concert or participation with her, from soliciting or contacting any policyholder or customer of GuideOne or any of its affiliated agencies or companies for the purpose of selling property, casualty and life insurance;

(3) enjoining and restraining Defendant Hopkins, her agents, employees, successors, attorneys and all those in active concert or participation with her, from retaining or using for any purpose any GuideOne property including, without limitation, policyholder files, Company signs and brochures, underwriting and rating manuals or guidelines, policy procedural manuals, applications, policy forms, furniture, software or any other confidential information, trade secrets or Company property of GuideOne provided or otherwise made available to Defendant Hopkins pursuant to her Agent Contract; and

(4) directing Defendants Hopkins and Holton to return to GuideOne all policyholder files, Company signs and brochures, underwriting and rating manuals or guidelines, policy procedural manuals, applications, policy forms, furniture, software or any other confidential information, trade secrets or Company property of GuideOne provided or otherwise made available to Defendant Hopkins

pursuant to her Agent Contract, including all copies of said materials.

## COUNT TWO
## BREACH OF CONTRACT

29. GuideOne incorporates herein by reference its allegations set forth in Paragraphs 1-28 above as fully set out herein.

30. Defendant Hopkins breached her Agent Contract by failing to abide by the terms and conditions thereof as set forth in detail above.

31. GuideOne has been damaged by the Defendant Hopkins' failure to abide by the terms of her Agent Contract.

**WHEREFORE,** Plaintiffs pray that judgment be entered in favor of GuideOne and against Defendant Hopkins in the amount sufficient to cure the breach. GuideOne further prays the Court to award such other damages to which it may be entitled and for a reasonable attorney's fee and for such other, further or different relief as may be just and proper, plus the costs of this action.

## COUNT THREE
## CONVERSION

32. GuideOne incorporates herein by reference its allegations set forth in Paragraphs 1-31 above as fully set out herein.

32. Defendants, individually and in concert with one another, converted GuideOne's policyholder files and other Company property owned by GuideOne.

34. As a proximate consequence of said conversion and conspiracy to convert GuideOne's policyholder files and other Company property, GuideOne has been injured and damaged as aforesaid. Said conversion was intentional and malicious.

**WHEREFORE,** Plaintiffs pray for damages against Defendants, individually and jointly, for compensatory and punitive damages in an amount deemed appropriate by the Court, for attorneys fees and for such other, further or different relief as may be just and proper, plus the costs of this action.

## COUNT FOUR
## TORTIOUS INTERFERENCE

35. GuideOne incorporates herein by reference its allegations set forth in Paragraphs 1-34 above as fully set out herein.

36. GuideOne has ongoing contractual and business relationships with its policyholders and customers.

37. As a proximate consequence of said tortious interference, GuideOne has been injured and damaged as aforesaid. Said interference was intentional and malicious.

**WHEREFORE,** Plaintiffs pray for damages against Defendants, individually and jointly, for compensatory and punitive damages in an amount deemed appropriate by the Court, for attorneys fees and for such other, further or different relief as may be just and proper, plus the costs of this action.

## COUNT FIVE
## CONSPIRACY

38. GuideOne incorporates herein by reference its allegations set forth in Paragraphs 1-37 above as fully set out herein.

39. Defendants, individually and in concert with one another, and possibly others, conspired to tortiously interfere with GuideOne's business and contractual relations with its policyholders.

40. As a proximate consequence of said conduct and conspiracy, GuideOne has been injured and damaged as aforesaid.

**WHEREFORE,** Plaintiffs pray for damages against Defendants, individually and jointly, for compensatory and punitive damages in an amount deemed appropriate by the Court, for attorneys fees and for such other, further or different relief as may be just and proper, plus the costs of this action.

**PLAINTIFFS DEMAND TRIAL BY JUDGE ALONE.**

                                             */s/ Christopher W. Weller*
_____
Christopher W. Weller (WEL020)
Attorney for Plaintiffs GuideOne Mutual
Company, GuideOne Specialty Mutual
Company, and GuideOne Elite Insurance
Company

**OF COUNSEL:**

**CAPELL & HOWARD, P.C.**
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama 36102-2069
(334) 241-8066
(334) 241-8266 Fax

**PLEASE SERVE THE DEFENDANTS AS FOLLOWS:**

Ms. April Holton
Holton Insurance Agency
500 Hackel Drive
Montgomery, Alabama 36024

Ms. Kathleen Hopkins
14595 Old Central Plank Road
Montgomery, Alabama 36024-5399