# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

|  |  |
|---|---|
| GUIDEONE MUTUAL COMPANY, GUIDEONE SPECIALTY MUTUAL COMPANY, and GUIDEONE ELITE INSURANCE COMPANY, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO.: CV- 2:05cv1070-F ) |
| KATHLEEN HOPKINS and APRIL HOLTON, | ) ) ) |
| Defendants. | ) ) |

## MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR EXPEDITED HEARING

Plaintiffs, GuideOne Mutual Company, GuideOne Specialty Mutual Company, and GuideOne Elite Insurance Company (hereinafter, collectively, "GuideOne" or the "Company"), hereby moves this court to forthwith issue a temporary restraining order, pursuant to Fed.R.Civ.P. 65(b), restraining and enjoining Defendants, their officers, agents, employees, successors, attorneys and all those in active concert or participation with them, from the specific conduct described hereinbelow, pending a hearing and awarding of relief sought *via* a preliminary injunction as contained in Plaintiffs' complaint filed contemporaneously herewith, and further moves this Court for an order setting a date for such hearing.

Unless this motion is granted, Plaintiffs will suffer immediate and irreparable harm and injury as a result of the actions of Defendants before Defendants or their attorneys can be heard in opposition hereto, and before a hearing can be had on the relief sought in the accompanying complaint for a preliminary injunction, as more fully appears below, in the complaint filed with this action and the affidavit filed herewith.

## CONDUCT TO BE ENJOINED AND/OR RESTRAINED

Plaintiffs respectfully requests that the Court enter a temporary restraining order, and thereafter a preliminary and permanent injunction against Defendant Kathleen Hopkins:

(1)     enjoining and restraining Defendant Hopkins, her agents, employees, successors, attorneys and all those in active concert or participation with her, from engaging in the business of selling property, casualty and life insurance within a 25 mile radius of the city limits of Montgomery, Alabama for a period of one year;

(2)     enjoining and restraining Defendant Hopkins, her agents, employees, successors, attorneys and all those in active concert or participation with her, from soliciting or contacting any policyholder or customer of GuideOne or any of its affiliated agencies or companies for the purpose of selling property, casualty and life insurance;

(3)     enjoining and restraining Defendant Hopkins, her agents, employees, successors, attorneys and all those in active concert or participation with her, from retaining or using for any purpose any GuideOne property including, without limitation, policyholder files, Company signs and brochures, underwriting and rating manuals or guidelines, policy procedural manuals, applications, policy forms, furniture, software or any other confidential information, trade secrets or Company property of GuideOne provided or otherwise made available to Defendant Hopkins pursuant to her Agent Contract; and

(4)     directing Defendants Hopkins and Holton to return to GuideOne all policyholder files, Company signs and brochures, underwriting and rating manuals or guidelines, policy procedural manuals, applications, policy forms, furniture, software or any other confidential information, trade secrets or Company property of GuideOne provided or otherwise made available to Defendant Hopkins pursuant to her Agent Contract, including all copies of said materials.

2

In support of this motion, Plaintiffs states as follows:

### THE AGENT CONTRACT

1.    On or about May 25, 1999, Defendant Hopkins entered into an insurance agent contract with GuideOne (hereinafter, the "Agent Contract"). A true and correct copy of the Agent Contract is attached hereto as Exhibit "A" and is specifically incorporated herein by reference.

2.    The Agent Contract contains a nonsolicitation provision, prohibiting Defendant Hopkins from contacting, soliciting, or inducing GuideOne policyholders to purchase any of the insurance coverages of the types sold by GuideOne for a period of one year following her separation from the Company:

> 5.    Agent will not, for a period of one year, following termination, either personally or through another person, agency or organization, (1) induce or advise any policyholder of the Company to lapse, surrender or cancel any coverages of the Company, or (2) solicit any such policyholders to purchase or accept any offer of such policyholder to purchase any insurance coverages of the types sold by the Company. This prohibition includes any contact that is initiated by Company customers. Agent must immediately refer any customer that contacts Agent to a Company representative.

Ex. A, Section V, ¶5.

3.    The Agent Contract also contains a noncompete agreement, prohibiting Defendant Hopkins from selling property, casualty and life insurance within a 25-mile radius of the City of Montgomery for a period of one year following her separation from the Company:

> 7.    The agent agrees not to engage in the business of selling property, casualty and life insurance within a 25 mile radius of the city limits in which the Agent's office(s) was located

3

for a period of one year following the termination of the Contract.

*Id.* at Section V, ¶7.

4.    Additionally, the Agent Contract provides that manuals, forms, records and other supplies furnished by GuideOne will remain the sole property of GuideOne, and that upon termination of the Agent Contract, Defendant Hopkins must immediately return to GuideOne all Company property:

### Section II.  Company Duties

1.    The company shall furnish manuals, forms, records, and other supplies as it may deem advisable.  These materials will remain the sole property of the Company.

. ....

### Section V.  Termination Provisions

3.    Upon termination of this contract, Agent shall cease to act in any manner as an agent or representative of the Company. Agent will immediately return to the Company all property belonging to the Company.  Use of any company supplies including software after termination is unauthorized.  Agent will remove all Company signs and refrain from any further advertising of Company and its products.

Ex. A, Section II, ¶1 and Section V, ¶3.

5.    The Agent Contract further provides that GuideOne retains all rights, title and interest in the business of Defendant Hopkins' policyholder accounts and that all account information are trade secrets wholly owned by GuideOne:

6.    Upon termination, the Company shall retain all right, title and interest in the business in Agent's account, including the right to renew.  All information regarding names, addresses, and ages of policyholders of the Company, the description and location of insured property, and expiration or renewal dates of the Company's policies acquired by the Agent during the term of this contract or any prior contract between Agent and Company, shall

remain trade secrets wholly owned by the Company.    The
Company shall transfer the policyholder accounts to any account
the Company designates.

*Id.* at Section V, ¶6.

6.    The Agent Contract provides that "the Company shall have access at all times to
the Agent's files and records, including software records, which pertain to the business placed
with the Company." *Id.* at Section VI, ¶8.

## Termination of Defendant Hopkins

7.    On or about September 16, 2005, GuideOne Manager Jeanette Bonney notified
Defendant Hopkins *viá* letter that GuideOne was terminating her agent contract effective October
31, 2005.    A true and correct copy of the termination letter is attached hereto as Exhibit "B" and
is incorporated herein by reference.

8.    In the termination letter, Ms. Bonney emphasized to Defendant Hopkins that
GuideOne expected her to fulfill her continuing legal obligations under her Agent Contract, i.e.,
compliance with the noncompete and nonsolicitation provisions. *Id.*    Ms. Bonney also directed
Defendant Hopkins to return to GuideOne all Company property and policyholder information in
her possession. *Id.*    Defendant Hopkins left GuideOne prior to her official separation date of
October 31, 2005.

## Breach of The Agent Contract

9.    After GuideOne notified Defendant Hopkins of her termination, GuideOne Sales
Director Dennis Basden learned that:

(a)    Defendant Hopkins had entered into a business relationship
with her daughter-in-law, Defendant April Holton, for the
purpose of selling property, life and casualty insurance;

(b)    Defendant Hopkins had removed from GuideOne's local
Montgomery office hundreds of policyholder files (valued

5

at well over half a million dollars), as well as other GuideOne property and moved it either to her home or to Defendant Holton's insurance sales office; and

(c)  Defendant Holton had solicited one or more GuideOne policyholders previously serviced by Defendant Hopkins while still acting as GuideOne's agent.

10.    Despite Mr. Basden's instruction to Defendant Hopkins to return to him all GuideOne policyholder files, Defendant Hopkins refused, stating that she intended to return the policyholder files only after she had an opportunity to make copies of the files.  Defendant Hopkins, however, had no legal authority whatsoever to copy GuideOne's policyholder files.

## CEASE & DESIST LETTER

11.    On October 24, 2005, the undersigned counsel directed Defendant Hopkins *via* certified letter to cease all sales of life, property and casualty insurance in violation of her noncompete agreement.  A true and correct copy of that letter is attached hereto as Exhibit "C". Counsel also directed Defendant Hopkins to return all Company property to GuideOne Sales Director Dennis Basden within five (5) business days, including all policyholder files, Company signs and brochures, underwriting and rating manuals or guidelines, policy procedural manuals, applications, policy forms, furniture and any software provided to her by the Company.  *Id.* Counsel further instructed Defendant Hopkins to certify in writing that she had destroyed all other papers and electronic copies and to identify all GuideOne customers she (and Defendant Holton) had solicited since she left the Company.  *Id.*

12.    That same day, the undersigned counsel advised Defendant April Holton *via* certified letter that Defendant Hopkins was bound by the terms of her GuideOne agent contract, which prohibited Hopkins from selling property, casualty and life insurance within a 25 mile radius of the city limits of Montgomery, Alabama for a period of one year or from assisting other

persons or organizations in doing the same. A true and correct copy of the letter is attached hereto as Exhibit "D". Counsel enclosed a copy of the Agent Contract with the letter and urged Defendant Holton to review the Agent Contract with her legal counsel. *Id.*

13.    The demand letters were successfully served on Defendants Hopkins and Holton *viá* certified mail, return receipt requested, as well as by regular mail and by hand delivery. Upon hand delivery to the office of the Holton Insurance Agency, Defendant Kathleen Hopkins signed for both letters.

14.    As of this date, the undersigned counsel, has received no response from either Defendant.

## THE ATTEMPT TO RETRIEVE GUIDEONE PROPERTY

15.    On October 31, 2005, GuideOne Sales Director Dennis Basden contacted Defendant Hopkins by telephone in an unsuccessful attempt to schedule a time to retrieve the GuideOne policyholder files and other Company property in Hopkins' possession. The call ended after Defendant Hopkins abruptly hung up the telephone on Mr. Basden.

16.    On November 1, 2005, Basden, accompanied by GuideOne Claims Supervisor Mike Ellison, traveled from Jackson, Mississippi to the offices of the Holton Insurance Agency in Montgomery, Alabama for the purpose of retrieving GuideOne policyholder files and other Company materials. Although Defendant Hopkins was not present at the office, Defendant Holton was present and informed Basden and Ellison that none of the GuideOne files were at the office; and that Defendant Hopkins had removed the files to her home for the purpose of copying them. A copy of Basden's affidavit is attached by reference as Exhibit "E" and is incorporated herein by reference.

17.     The GuideOne policyholder files wrongfully withheld by Defendant Hopkins and/or Defendant Holton include personal policyholder information such as health and medical history, vehicle identification, driver's license numbers, social security numbers and other confidential information used by GuideOne to place insurance for its policyholders. Each policyholder file also includes information regarding customer insurance rates, discounts, and other confidential and proprietary information owned by GuideOne.

18.     GuideOne has learned that Defendant April Holton has solicited at least one GuideOne policyholder to purchase insurance. GuideOne alleges that any attempt by Defendant Hopkins to solicit insurance sales in the City of Montgomery, Alabama, either directly or indirectly through Defendant Holton is a violation of her Agent Contract.

19.     GuideOne further alleges that Defendant Hopkins' failure to return the policyholder files and other Company property to GuideOne, despite repeated requests by GuideOne representatives and its attorneys, constitutes a material breach of her Agent Contract, conversion of GuideOne's property, tortious interference with GuideOne's business relationship with its policyholders and customers, and unfair competition under the laws of the State of Alabama.

20.     GuideOne has been damaged by Hopkins' failure to abide by the terms of her Agent Contract and will continue to be damaged by Hopkins's breach, including her wrongful conversion of hundreds of policyholder files and other trade secrets; her interference with GuideOne's contractual and business relationships with its policyholders; customer confusion that likely will result from Defendants' unauthorized solicitation of existing GuideOne policy holders and customers; Defendants' wrongful disclosure of proprietary and confidential policyholder information and other privileged and confidential GuideOne documents and

materials; and exposure of GuideOne to potential criminal and civil liability for privacy violations related to the unauthorized disclosure of policyholder information, including personal medical histories, social security numbers, *et. seq.*

21.     Absent the requested Temporary Restraining Order, GuideOne will suffer immediate and irreparable injury including, without limitation, permanent loss of GuideOne policyholders and customers, the loss of policyholder files, and the unauthorized disclosure of private policyholder information, including personal medical histories, social security numbers, *et. seq.* As demonstrated by Defendant Hopkins' stated intention to copy and retain copies of all GuideOne policyholder files in her possession, there is no other adequate remedy at law available to GuideOne.

22.     Defendants Hopkins and Holton cannot complain about any self-inflicted harm caused by issuance of an injunction against them. They received repeated and adequate warning that their actions were unlawful and in violation of Defendant Hopkins' Agent Contract, and that GuideOne would, if necessary, seek the assistance of the Court to protect its interests.

23.     Finally, as set forth in the Affidavit of the undersigned counsel, *see* Exhibit "F" attached hereto, notice to Defendants of this matter will cause immediate and irreparable injury, loss, or damage to GuideOne before Defendants or their attorneys can be heard in opposition.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs GuideOne Mutual Company, GuideOne Specialty Mutual Company, and GuideOne Elite Insurance Company respectfully requests that the Court enter a temporary restraining order, and thereafter a preliminary and permanent injunction, against Defendant Kathleen Hopkins:

> (1)     enjoining and restraining Defendant Hopkins, her agents, employees, successors, attorneys and all those in active concert or participation with her, from engaging in the business of selling property, casualty and life insurance

9

within a 25 mile radius of the city limits of Montgomery, Alabama for a period of one year;

(2)    enjoining and restraining Defendant Hopkins, her agents, employees, successors, attorneys and all those in active concert or participation with her, from soliciting or contacting any policyholder or customer of GuideOne or any of its affiliated agencies or companies for the purpose of selling property, casualty and life insurance;

(3)    enjoining and restraining Defendant Hopkins, her agents, employees, successors, attorneys and all those in active concert or participation with her, from retaining or using for any purpose any GuideOne property including, without limitation, policyholder files, Company signs and brochures, underwriting and rating manuals or guidelines, policy procedural manuals, applications, policy forms, furniture, software or any other confidential information, trade secrets or Company property of GuideOne provided or otherwise made available to Defendant Hopkins pursuant to her Agent Contract; and

(4)    directing Defendants Hopkins and Holton to return to GuideOne all policyholder files, Company signs and brochures, underwriting and rating manuals or guidelines, policy procedural manuals, applications, policy forms, furniture, software or any other confidential information, trade secrets or Company property of GuideOne provided or otherwise made available to Defendant Hopkins pursuant to her Agent Contract, including all copies of said materials.

Respectfully submitted this 4th day of November, 2005.

Christopher W. Weller (WEL020)
Terrie S. Biggs (BIG006)
Attorney for Plaintiffs GuideOne Mutual Company,
GuideOne Specialty Mutual Company, and
GuideOne Elite Insurance Company

**OF COUNSEL:**
**CAPELL & HOWARD, P.C.**
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama  36102-2069
(334) 241-8066
(334) 241-8266  Fax

11

## CERTIFICATE OF SERVICE

I have served a copy of this upon the following by first-class United States mail, postage prepaid and properly addressed, on the 4th day of November, 2005.

Ms. April Holton
Holton Insurance Agency
500 Hackel Drive
Montgomery, Alabama 36024

Ms. Kathleen Hopkins
14595 Old Central Plank Road
Montgomery, Alabama 36024-5399

Of Counsel