# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GUIDEONE MUTUAL COMPANY, GUIDEONE SPECIALTY MUTUAL COMPANY, and GUIDEONE ELITE INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> KATHLEEN HOPKINS and APRIL HOLTON, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO.: CV-_____ ) ) ) ) ) ) |

### ATTORNEY AFFIDAVIT OF CHRISTOPHER W. WELLER

This matter is before the Court on the Motion for Temporary Restraining Order and for Expedited Hearing of Plaintiffs GuideOne Mutual Company, GuideOne Specialty Mutual Company, and GuideOne Elite Insurance Company (hereinafter, collectively, "GuideOne" or the "Company"). Based on information supplied by GuideOne to the undersigned counsel, it is the considered judgment of the undersigned counsel that notice should not be required; that providing notice of Defendants' TRO motion to either Defendant would likely cause Defendants to further engage in activities violative of the Agent Contract made the subject of GuideOne's TRO motion and Complaint, and would thereby result in irreparable injury, loss and damage to Plaintiff GuideOne. In support of this certification, the undersigned attorney states as follows:

1.  Defendant Kathleen Hopkins is a former insurance agent who sold property, casualty, and life insurance for GuideOne.

2.  On September 16, 2005, GuideOne notified Defendant Hopkins that it was terminating her Agent Contract effective October 31, 2005, and further advised her of her continuing obligations under the terms of her Agent Contract. In particular, Defendant Hopkins was not permitted to sell insurance within a

25 mile radius of the city limits of Montgomery, Alabama for a period of one year; she could not solicit directly or indirectly GuideOne Policyholders to purchase insurance; and she was required to return all policyholder files and Company property to GuideOne.

3. Despite the terms of her Agent Contract, Defendant Hopkins joined the insurance business of her daughter-in-law – Defendant April Holton – and began selling insurance. She also refused repeated requests to return all GuideOne policyholder files and other Company property to GuideOne.

4. On October 24, 2005, at the request of GuideOne, the undersigned counsel advised Defendant Hopkins of her legal obligations under the terms of her Agent Contract and further directed her to return to GuideOne all policyholder files and other enumerated Company property within five business days. Defendant Hopkins never responded to the letter. That same day, the undersigned counsel advised Defendant April Holton *via* certified letter that Defendant Hopkins was bound by the terms of her Agent Contract and was prohibited from selling insurance within a 25 mile radius of the city limits of Montgomery, Alabama for a period of one year. GuideOne also advised Defendant Holton that it considered any attempt by Defendant Hopkins to sell insurance through Defendant Holton or any agency or organization to be a breach of Hopkins' Agent Contract.

5. Notwithstanding the terms of Defendant Hopkins' Agent Contract, GuideOne has learned that Defendant Hopkins has either directly or indirectly engaged in the sale of property, casualty and/or life insurance in violation of her Agent Contract; that she is wrongfully withholding and attempting to copy hundreds of GuideOne's policyholder files and other confidential and proprietary policyholder and customer information; and that she has either directly (or indirectly through her association with Defendant Holton) solicited one or more GuideOne policyholders.

6. GuideOne representatives have made repeated, yet unsuccessful, attempts to recover GuideOne policyholder files and company property from Defendant Hopkins. The latest attempt occurred

on Tuesday, November 1, 2005, when GuideOne Sales Director Dennis Basden accompanied by GuideOne Claims Supervisor Mike Ellison, traveled from Jackson, Mississippi to the current offices of the Defendants to retrieve all GuideOne policyholder files and other Company property from Defendants Hopkins and Holton. Although Defendant Hopkins was not present at the office, Defendant Holton was present and informed Messrs. Basden and Ellison that none of GuideOne files were at the office; that Defendant Hopkins had removed the files to her home for the purpose of copying them.

7. The undersigned counsel believes that any notice to Defendants of the Company's efforts to seek legal relief would further Defendants' efforts to secret away or dispose of GuideOne's policyholder files and other confidential and proprietary information or Company property. The undersigned counsel further believes that notice of Plaintiffs' TRO motion would increase the urgency of Defendants' efforts to solicit GuideOne policyholders during the pendency of a hearing on this matter.

6. In sum, it is the considered opinion of the undersigned counsel that notice to Defendants of GuideOne's TRO motion would delay the resolution of this matter, and that GuideOne would suffer immediate and irreparable injury, loss, or damage while waiting for Defendants or their attorneys to be heard in opposition.

**FURTHER THE AFFIANT SAYETH NOT.**

I signed this affidavit on November 4, 2005 in Montgomery, Alabama.

_/s/ Christopher W. Weller_
Christopher W. Weller (WEL020)
Attorney for Plaintiffs GuideOne Mutual Company, GuideOne Specialty Mutual Company, and GuideOne Elite Insurance Company

OF COUNSEL:

CAPELL & HOWARD, P.C.
150 South Perry Street
Post Office Box 2069
Montgomery, Alabama 36102-2069
(334) 241-8000

    **SUBSCRIBED AND SWORN TO BEFORE ME** on November 4, 2005 in Montgomery, Alabama.

[Notary's Seal]

_/s/ Sydney Anne Henderson_
Notary Public in and for
the State of Alabama.
My commission expires 9/8/2007